FILED'09 MAR 03 15:33 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOHN N. BRILES and JACKIE BRILES,<br>Co-Trustees of the Briles Family<br>Revocable Trust Dated February<br>23, 2007,<br><br>       Plaintiffs,<br><br>   v.<br><br>LOOMIS GROUP, INC., a Delaware<br>corporation, and JEFFREY D.<br>LOOMIS,<br><br>       Defendants. | Civ. No. 08-1290-AA<br><br>OPINION AND ORDER |

AIKEN, Judge:

    Plaintiffs filed suit in state court alleging claims of breach of contract, rescission, unjust enrichment and violations of Oregon securities law arising from a stock transaction between plaintiff John Briles and defendants.

    Defendants removed the case to federal court and filed a motion to transfer venue on grounds that the stock transaction

1 - OPINION AND ORDER

occurred in Northern California and that most relevant documents and witnesses were located there. In response to defendants' motion to transfer venue, plaintiffs move to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2).

Plaintiffs seek to dismiss the case because defendants, in support of their motion to transfer, submitted a written Common Stock Purchase Agreement (Agreement) governing the stock transaction that is the basis of plaintiffs' claims. In the Agreement, defendant Jeffrey Loomis and Jennifer Loomis are identified as "Seller" and Briles as "Purchaser." Jennifer Loomis and Jeffrey Loomis are Briles's sister and brother-in-law. Briles asserts that he did not remember signing the Agreement, and that he was not provided a copy. Further, plaintiffs maintain that they mistakenly believed Briles purchased stock from the Loomis Group rather than from Jeffrey and Jennifer Loomis personally. Given the language of the Agreement, plaintiffs do not wish to pursue their claims against the Loomises. Therefore, plaintiffs move for voluntary dismissal of their claims.

Defendants oppose the motion and argue that the court should transfer this action to the District of Northern California so that discovery may proceed and allow defendants to investigate potential counterclaims against plaintiffs. Alternatively, defendants argue that if the court is inclined to grant the motion to dismiss, they are entitled to their reasonable attorney fees.

2 - OPINION AND ORDER

I agree with plaintiffs that transferring the case to the Northern District of California is a waste of resources - judicial and otherwise - if plaintiffs do not wish to pursue their claims. Defendants remain free to investigate potential claims against plaintiffs, and I do not find that the *possibility* of such claims warrants transfer to another district. At the same time, I agree with defendants that they are entitled to an award of fees.

Under Rule 41(a)(2), "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Consequently, it is within the court's discretion to award fees as a condition of voluntary dismissal, but "[o]nly those costs incurred for the preparation of work product rendered useless by the dismissal should be awarded as a condition of voluntary dismissal." Koch v. Hankins, 8 F.3d 650, 652 (9th Cir. 1993); see also Wetlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996) (accord).

Plaintiffs argue that fees are not appropriate because they did not file the complaint in bad faith and moved for voluntary dismissal immediately upon receiving defendants' motion and discovering that Briles signed the Agreement. However, a plaintiff is required to investigate the viability of a claim before filing suit; under the circumstances, I do not find it reasonable that plaintiffs did not remember or discover the existence of the Agreement before they sued defendants. Even if plaintiffs, in good

3 - OPINION AND ORDER

faith, filed suit under the mistaken belief that no written agreement governed the stock transaction, defendants should not be required to bear the costs and expenses incurred because of plaintiffs' mistaken recollection. I therefore exercise my discretion under Rule 41(a)(2) and will award reasonable costs and attorney fees incurred by defendants in investigating and defending against plaintiff's claims.

## Conclusion

Accordingly, defendants' Motion to Transfer Venue (doc. 5) is DENIED, and plaintiffs' Amended Motion to Dismiss (doc. 12) is GRANTED. Within ten (10) days from the date of this order, defendants shall submit the requisite affidavits and documentation to support their request for costs and reasonable attorneys fees incurred in this action.

IT IS SO ORDERED.

Dated this 3RD day of March, 2009.

_____
Ann Aiken
United States District Judge

4 - OPINION AND ORDER